UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM PARSONS, Personal Representative of the Estate of Randy J. Parsons, deceased,

Plaintiff,

CIVIL ACTION NO. 07-13335

v.

DISTRICT JUDGE PAUL V. GADOLA

MAGISTRATE JUDGE VIRGINIA MORGAN

MICHIGAN DEPARTMENT OF CORRECTIONS, PATRICIA L. CARUSO, Director of MDOC, THOMAS BIRKETT, Warden at Standish Maximum Correctional Facility, SERGIO CACCIANI, the MDOC FOIA Coordinator, and JOHN DOE 1, 2, 3, 4, 5 and 6, in their individual capacities,

Defendants.
_______________________________/

**REPORT AND RECOMMENDATION**

## I. Introduction

This matter comes before the Court on (1) defendant Michigan Department of Corrections' ("MDOC") Motion to Dismiss (D/E # 8) and (2) defendant Cacciani's Motion to Dismiss (D/E # 16). For the reasons discussed below, the court recommends that defendants' motions be **GRANTED.** The claims against MDOC and MDOC officials in their official capacities should be dismissed because they are barred by the Eleventh Amendment. The claim

against Cacciani should be dismissed because, if construed as a state law claim, the District Court should decline to exercise supplemental jurisdiction, and if construed as an action against Cacciani in his official capacity, it is barred by the Eleventh Amendment.

## II. Background

### A. Complaint

On August 10, 2007, plaintiff, as the personal representative of the estate of Randy J. Parsons, filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging denial and delay of medical care in violation of the Eighth Amendment to Constitution of the United States, violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, state tort claims for gross negligence, and violation of the "Freedom of Information Act." (D/E # 1).

According to that complaint, on or about August 25, 2004, decedent Randy J. Parsons was transferred to the Standish Correctional Facility. (Complaint, ¶ 19) During the twelve years he had been incarcerated, Parsons had been transferred twenty-five times. (Complaint, Preliminary Statement, p. 2) Parsons had a long history of mental illness, including diagnoses of schizophrenia, antisocial disorder, seizure disorders, anoxia and brain damage. (Complaint, ¶ 20). On or about August 28, 2004, Parsons exhibited bizarre behavior while in the chow line and he was sent to his cell to wait for an evaluation by outpatient mental health. (Complaint, ¶ 24). Soon after being sent to his cell, Parsons was found unconscious in his cell with a bloody and blue face. (Complaint, ¶ 25) Plaintiff was later pronounced dead upon arrival at the

Standish Community Hospital at about 5:45 p.m. (Complaint, ¶ 26). Parsons' death certificate, however, notes his actual or presumed time of death as 4:00 p.m. (Complaint, ¶ 27)

Subsequent autopsy reports revealed the absence of Dilantin, a seizure preventing drug that Parsons had been prescribed, and the presence of Welbutrin, a drug Parsons was not prescribed and which has a side effect of causing seizures. (Complaint, ¶¶ 28-29). The autopsy reports also revealed multiple scars on Parsons' tongue due to a long history of untreated seizures, as well as the fact that part of Parsons' tongue had been chewed away. (Complaint, ¶ 30).

**B. Order of Partial Dismissal**

On August 28, 2007, United States District Court Judge Paul V. Gadola entered an order of partial dismissal in this action. (Order of Partial Dismissal, D/E # 5) In that order, Judge Gadola ordered that plaintiff's state law claim, a portion of Count II, be dismissed with prejudice and that only plaintiff's claims arising under federal law, Counts I, III and the federal issues contained in Count II, remained before the Court.

**C. MDOC's Motion to Dismiss**

On August 30, 2007, MDOC filed a motion to dismiss (D/E # 8). In that motion, MDOC argues that the claims against it, as well as any claims against its officials in their official capacities, are barred by the Eleventh Amendment because those claims are deemed to be against the State of Michigan itself and Michigan has not consented to being sued for in federal court with respect to civil rights actions.

On September 28, 2007, plaintiff filed a response to MDOC's motion to dismiss (D/E # 13). In that response, plaintiff concedes that he cannot sue the officials in their official capacity or MDOC. Plaintiff also stated that he was willing to voluntarily dismiss those claims and amend his complaint.

On October 3, 2007, MDOC filed a reply to plaintiff's response (D/E # 15). In that reply, MDOC asserts that it is not necessary to amend the complaint and all that needs to happen is for the Court to order dismissal of MDOC and all official capacity complaints.

**D. Cacciani's Motion to Dismiss**

On October 5, 2007, Cacciani filed a motion to dismiss (D/E # 16). In that motion, Cacciani argues that there are no factual allegations made against him anywhere in the complaint and he should be dismissed from this action. Cacciani also argues that it appears plaintiff is attempting to sue Cacciani in Cacciani's official capacity and such claims are barred by the Eleventh Amendment. Cacciani further argues that the Court should abstain from entertaining Count III of the complaint or any supplemental jurisdiction over Count III to the extent plaintiff asserts a claim against Cacciani in Cacciani's individual capacity given Michigan's complex regulatory apparatus governing its Freedom of Information Act.

On October 26, 2007, plaintiff filed a response to Cacciani's motion to dismiss (D/E # 23). In that response, plaintiff argues that Count III of his complaint obviously asserts factual allegations against Cacciani and that it is also possible that Cacciani is one of the John Does named in the complaint. Plaintiff also argues that he is suing Cacciani as FOIA Coordinator under M.C.L. 15.231 *et seq.*, and not under 42 U.S.C. § 1983. Plaintiff further argues that

Michigan's FOIA abrogates the State's Eleventh Amendment immunity from suit in federal court. Plaintiff asks that this Court exercise "pendent" [i.e., supplementary] jurisdiction over his state law claim.

On October 30, 2007, Cacciani filed a reply to plaintiff's response (D/E # 24). In that reply, Cacciani argued that the Eleventh Amendment applies to plaintiff's state law claim under Michigan's FOIA and plaintiff cannot sue Cacciani under FOIA for monetary damages in federal court. According to Cacciani, Michigan's FOIA provides that a person requesting records under FOIA may commence an action in state circuit court and it does not provide that a state agency may be sued in federal court. Cacciani further argued that, because Michigan's FOIA provides that any monetary awards are assessed against the public body liable for damages, whenever the MDOC FOIA Coordinator is sued under FOIA it is in effect an official capacity suit because the monetary damages are assessed against the State.

## III. Discussion

### A. MDOC's Motion to Dismiss

As argued by MDOC, the Eleventh Amendment bars plaintiffs claims against MDOC as well as plaintiff's claims against MDOC's officials to the extent they are sued in their official capacities. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or subjects of any foreign State. [U.S. Const. amend. XI.]

Courts have construed that language broadly and the Eleventh Amendment generally bars suits in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Skinner v. Govorchin, 463 F.3d 518, 524 (6th Cir. 2006).[1] Moreover, "'[i]t is … well established that even though a State is not named a party to the action, the suit may nonetheless be barred by the Eleventh Amendment[,]' if the suit is somehow deemed to be against the State." Doe v. Wigginton, 21 F.3d 733, 736 (6th Cir. 1994), quoting Edelman v. Jordan, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

The Eleventh Amendment bars a suit brought in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Alabama v. Pugh, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); Abick v. Michigan, 803 F.2d 874, 876-77 (6th Cir. 1986). Because the MDOC is a state agency and the state of Michigan has not consented to civil rights suits in the federal courts,

---

[1] As discussed by the Sixth Circuit in Ernst v. Rising, 427 F.3d 351, 358-359 (6th Cir. 2005), a State's immunity comes with a host of exceptions; the immunity does not attach if the lawsuit is not against the State or an arm of the State, the immunity does not extend to counties and similar municipal corporations, the immunity does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law, the immunity may be abrogated by Congress when exercising its enforcement authority under the Fourteenth Amendment, and the immunity does not apply when the Federal Government brings the lawsuit. Additionally, a State may elect to waive that immunity through legislation through its conduct in litigation. Ernst, 427 F.3d at 358. None of these exceptions are applicable in this case.

the MDOC is entitled to Eleventh Amendment immunity. See Pennhurst, 465 U.S. at 100, 104 S.Ct. 900; Pugh, 438 U.S. at 782, 98 S.Ct. 3057; Abick, 803 F.2d at 877.

Moreover, plaintiff's claims against MDOC officials in their official capacities are also deemed to be against the State and are therefore barred by the Eleventh Amendment. "Whether a suit against State officials in their official capacity is deemed to be against the State depends on whether the plaintiff seeks 'retroactive' or 'prospective' relief'." Doe, 21 F.3d at 736. Retroactive relief compensates a plaintiff for a past violation of his legal rights and, while retroactive relief usually takes the form of money damages, that is not necessarily the case. See Cory v. White, 457 U.S. 85, 90 n. 2, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982); Doe, 21 F.3d at 736-737. Where an official capacity claim is for retroactive relief, the action is deemed to be against the State whose officers are the nominal defendants. Doe, 21 F.3d at 737.

In this case, plaintiff seeks redress for a past violation of his legal rights and, therefore, the suit is deemed to be against Michigan itself. The State of Michigan, however, has not consented to civil rights suits in federal court. See Johnson v. Dellatifa, 357 F.3d 539, 545 (6th Cir. 2004); Abick v. Michigan, 803 F.2d 874, 877 (6th Cir. 1986); see also Hill v. Michigan, 62 Fed. Appx. 114, 115 (6th Cir. 2003). Therefore, to the extent plaintiff's claims against MDOC officials are construed to be brought against them in their official capacities, the claims are barred by the Eleventh Amendment.

**B. Cacciani's Motion to Dismiss**

As a preliminary matter, it must be determined what plaintiff is alleging in Count III of his complaint, which is the only part of the complaint that potentially asserts allegations against Cacciani. In the caption of Count III, plaintiff alleges violations of the "Freedom of Information Act" by defendant MDOC. (Complaint, p. 14) Plaintiff does not, however, provide any citation for the "Freedom of Information Act." On August 28, 2007, United States District Court Judge Paul V. Gadola, while dismissing all state law claims, allowed Count III to proceed after construing it as an action pursuant to the federal Freedom of Information Act. 5 U.S.C. § 552. (Order of Partial Dismissal, D/E # 5). In his response to Cacciani's motion to dismiss, however, plaintiff asserts that his action is pursuant to Michigan's Freedom of Information Act. MCL § 15.231 *et seq*. Given that Count III alleges a claim against a Michigan state agency, and possibly Cacciani as MDOC's FOIA coordinator, it appears that plaintiff is alleging a state law claim in Count III.

As noted above, however, Judge Gadola has previously dismissed all state law claims. (Order of Partial Dismissal, D/E # 5). To the extent that plaintiff's FOIA claim is still part of the case, the District Court should decline to exercise supplemental jurisdiction over it for the same reasons it earlier declined to exercise supplemental jurisdiction over plaintiff's other state law claims:

> In exercising its discretion, therefore, this Court must look to considerations of judicial economy, convenience, fairness, and comity, and also avoid needless decisions of state law. *See Int'l Coll. of Surgeons*, 522 U.S. at 173; *Cohill*, 484 U.S. at 350; *Gibbs*, 383 U.S. at 726; *see also* C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3567.1 (2d ed. 1984).

Litigation in the federal courts involving both federal law claims and supplemental state law claims has caused procedural and substantive problems. Even if the federal and state claims in this action arise out of the same factual situation, litigating these claims together may not serve judicial economy or trial convenience. Federal and state law each have a different focus, and the two bodies of law have evolved at different times and in different legislative and judicial systems. Because of this, in almost every case with supplemental state claims, the courts and counsel are unduly preoccupied with substantive and procedural problems in reconciling the two bodies of law and providing a fair and meaningful proceeding.

The attempt to reconcile these two distinct bodies of law often dominates and prolongs pre-trial practice, complicates the trial, lengthens the jury instructions, confuses the jury, results in inconsistent verdicts, and causes post-trial problems with respect to judgment interest and attorney fees. Consequently, in many cases the apparent judicial economy and convenience of the parties' interest in the entertainment of supplemental state claims may be offset by the problems they create.

Such is the case here. Plaintiff's state law claim would substantially expand the scope of this case beyond that necessary and relevant to the federal constitutional claims. See 28 U.S.C. § 1367(c)(2); *Gaines v. Blue Cross Blue Shield of Mich.*, 261 F. Supp. 2d 900, 906 (E.D. Mich. 2003) (Gadola, J.); *Broad, Vogt & Conant, Inc. v. Alsthom Automation, Inc.*, 186 F. Supp. 2d 787, 790-91 (E.D. Mich. 2002) (Gadola, J.); *see also Rugambwa v. Betten Motor Sales, Inc.*, 200 F.R.D. 358, 368 (W.D. Mich. 2001); *Eddins v. Excelsior Indep. Sch. Dist.*, 88 F. Supp. 2d 690, 695 (E.D. Tex. 2000); *Caraballo v. S. Stevedoring, Inc.*, 932 F. Supp. 1462, 1465 (S.D. Fla. 1996); *James v. Sun Glass Hut, Inc.*, 799 F. Supp. 1083, 1084-85 (D. Colo. 1992). Moreover, the Court finds that judicial economy, convenience, fairness, and comity counsel against exercising supplemental jurisdiction in this case. *See Int'l Coll. of Surgeons*, 522 U.S. at 173; *Cohill*, 484 U.S. at 350; *Gibbs*, 383 U.S. at 726. Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim. [Order of Partial Dismissal, D/E # 5.]

Moreover, even if the Court exercised supplemental jurisdiction over plaintiff's state law FOIA claim, the claim against Cacciani, assuming *arguendo* that there was a claim alleged against Cacciani, is barred by the Eleventh Amendment. Generally, a plaintiff must designate in which capacity the defendant is being sued; if the complaint does not do so, by operation of law the defendant is deemed sued in his official capacity. See Hardin v. Straub, 954 F.2d 1193, 1199 (6th Cir. 1992). Suing a public official in his official capacity for acts performed within the scope of his authority is equivalent to suing the governmental entity. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). In this case, plaintiff did not name Cacciani in his individual capacity. On the contrary, it seems clear that he is suing Cacciani in Cacciani's official capacity because Cacciani is identified solely through his official position, plaintiff identifies Count III as a FOIA claim against MDOC itself, and any damages assessed under Michigan's FOIA are paid by a public body under M.C.L. § 15.240(7). Plaintiff's suit against Cacciani in his official capacity is therefore equivalent to a suit against the state and it would therefore be barred by the Eleventh Amendment unless Michigan consented to be sued in federal court or one of the exceptions noted above applies.

Plaintiff does raise the argument that Michigan has expressly waived immunity from suit for violations of its FOIA statute. In support of that argument, plaintiff relies on the language of MCL 15.240 and the Michigan Court of Appeals case Anzaldua v. Wayne State University, 216 Mich. App. 561, 585-586 (1996). MCL 15.240, however, only involves the circumstances when a plaintiff may commence a Michigan FOIA action in state circuit court. MCL 15.240(1)(a)-(b). Anzaldua, meanwhile, involves an action under Michigan's Whistleblowers' Protection Act,

M.C.L. § 15.361 *et seq*. and whether there was the right to a jury trial in state actions filed pursuant to that Act. Anzaldua, 216 Mich. App. at 563. There is no mention of Michigan's FOIA statute or waiver of Eleventh Amendment immunity during the Michigan Court of Appeals' discussion of whether Michigan had waived its immunity from a trial by jury in state court with regard to actions under Michigan's Whistleblowers' Protection Act. Anzaldua, 216 Mich. App. at 585-589.

**IV. Conclusion**

For the reasons discussed above, the court recommends that defendants' motion to dismiss be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: January 10, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on January 10, 2008.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan