UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM PARSONS, Personal Representative
of the Estate of Randy J. Parsons,

                      Plaintiff,      CIVIL CASE NO. 07-13335

v.                                    HONORABLE PAUL V. GADOLA
                                              U.S. DISTRICT COURT

PATRICIA CARUSO, *et al.*,

                      Defendants.
_____/

## **ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION**

Now before this Court are Defendant Michigan Department of Corrections' ("MDOC") motion to dismiss, Defendant Sergio Cacciani's motion to dismiss, the report and recommendation of Magistrate Judge Virginia M. Morgan, and Plaintiff's objections to the report and recommendation. Magistrate Judge Morgan recommended that Defendants' motions to dismiss be granted. Defendants did not file a response to Plaintiff's objections to the report and recommendation. For the reasons stated below, the Court will overrule the objections and accept and adopt the report and recommendation as the order and opinion of the Court.[1]

This cause of action arises out of the alleged treatment of Randy J. Parsons ("Mr. Parsons"), formerly an inmate with the MDOC and now deceased. Mr. Parsons suffered a long history of mental illnesses and was an inmate at several different correctional facilities throughout his twelve years of incarceration. Plaintiff alleges that Randy Parsons was denied or delayed medical treatment

---

[1]Nothing in this Order shall be construed so as to effect Magistrate Judge Morgan's March 4, 2008 Order [docket entry #36], granting Plaintiff's motion to amend the complaint by substituting the successor personal representative as Plaintiff for former personal representative and substituting certain real parties in interest for the John Doe defendants.

in violation of the Eighth Amendment to the Constitution of the United States and the Due Process Clause of the Fourteenth Amendment. Plaintiff seeks damages pursuant to 28 U.S.C. § 1983. Plaintiff also asserted state tort claims for gross negligence and violations of the Freedom of Information Act in his original complaint. The Court declined to exercise supplemental jurisdiction as to the state law gross negligence claim in an August 28, 2007 order.

Considering Defendant MDOC and Defendant Cacciani's motions to dismiss, Magistrate Judge Morgan concluded that the claims against MDOC and MDOC officials were barred by the Eleventh Amendment of the Constitution of the United States. Furthermore, Magistrate Judge Morgan concluded that, to the extent that Plaintiff was seeking to file claim under the *Michigan Freedom of Information Act*, that state law claim should be dismissed in accordance with the Court's August 28, 2007 order declining to exercise supplemental jurisdiction. Plaintiff's objections are somewhat vague, but appear to challenge only the Motion to dismiss filed by Defendant Cacciani. Plaintiff argues that the motion to dismiss should be reviewed *de novo* and that the Court should exercise supplemental jurisdiction over the Plaintiff's Michigan Freedom of Information Act claim against Cacciani.

The Court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. If a party does not object to the report and recommendation, the Court need not conduct a review by any standard. See *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the report and recommendation, the Court reviews those portions *de novo*. *Id.* at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo

> determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Plaintiff filed objections, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d at 807.

*De novo* review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie*, 221 F. Supp. 2d at 807. If a Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the report and recommendation. *See id.*; 12 Wright, Federal Practice § 3010.2. Because Plaintiff has filed objections to the magistrate judge's report and recommendation, this Court will review those portions of the record *de novo*.

In the present case, Plaintiff has presented no justification to reject the report and recommendation. With respect to the claims against MDOC and MDOC officials in their official capacities, the law is clear that the Eleventh Amendment bars suits against a state and its departments or agencies unless the state has waived its sovereign immunity or consented to be sued. *See Employees v. Dept. of Public Health and Welfare, Missouri,* 411 U.S. 279, 280 (1973). This bar

extends to retroactive relief sought against State officials in their official capacity. *See Edelman v. Jordan*, 415 U.S. 651, 668-69 (1974); *Doe v. Wigginton*, 21 F.3d 733, 736-37 (6th Cir.1994). Yet, in the present case, Michigan has not consented to be sued in federal court based upon alleged civil rights violations. *See Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004); *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir.1986). Accordingly, as Magistrate Judge Morgan recommended, Plaintiff's claims against the Defendants in their official capacity, including those against Cacciani, should be dismissed.

Furthermore, to the extent that Plaintiff has now clarified that he seeks relief under the *Michigan* Freedom of Information Act, the Court declines to exercise supplemental jurisdiction on that state law claim for the same reasons set forth in the Court's August 28, 2007 order. Accordingly, the claims against Defendant Cacciani should be dismissed on this ground as well.

In conclusion, based upon a review of the Defendants' motions, the corresponding briefs, and a review of the record, the Court can assign no error to the report and recommendation.

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's objections [docket entry #31] to the report and recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** the report and recommendation [docket entry #30] is **ACCEPTED AND ADOPTED** as the opinion and order of the Court.

**IT IS FURTHER ORDERED** that Defendant MDOC's motion to dismiss [docket entry #8] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Cacciani's motion to dismiss [docket entry #16] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claim under the Michigan Freedom of

Information Act is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated:   March 13, 2008                              s/Paul V. Gadola
                                                    HONORABLE PAUL V. GADOLA
                                                    UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   March 13, 2008   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:    Jennifer R. Berry; Grant W. Parsons; Kevin M. Thom                   , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                            .

                                                    s/Ruth A. Brissaud
                                                    Ruth A. Brissaud, Case Manager
                                                    (810) 341-7845