UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM PARSONS, Personal
Representative of the Estate of
Randy J. Parsons, deceased,

      Plaintiff,                          CIVIL ACTION NO. 07-13335

      v.                               DISTRICT JUDGE STEPHEN J. MURPHY

MICHIGAN DEPARTMENT OF          MAGISTRATE JUDGE VIRGINIA MORGAN
CORRECTIONS, PATRICIA L.
CARUSO, THOMAS BIRKETT,
SERGIO CACCIANI, JOHN
DOE 1-6, S. HOPE LAPRATT,
JOHN F. MCCARTHY, LAWRENCE
ALEXANDER, JESSICA PAUSITS,
STACY E. KOCOT, STEVEN J. BOND,
ELIZABETH J. TURNER, MINGA T.
JONES, NATASHA CLARK, GARY
FRODYMA, DENNIS HAMMOND,
BLACKBURN, L. STARWAS,
CHARLES ZAMIARA, E. BROADUS,
D. THOMAS, BRIAN WATSON, and
MARK R. MACKINTOSH,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

       This action is brought through counsel by the Estate of Randy Parsons who died while in the custody of the Michigan Department of Corrections. On September 5, 2008, this Court issued an order directing plaintiff to show cause why this Court should not recommend dismissal of defendants LaPlatt, Turner, Hammond, Blackburn Starwas, Broadus, Thomas and Watson for

-1-

failure to effect timely service of process (D/E #73). Plaintiff filed a response to that order to show cause (D/E #78) and several defendants replied. (D/E #79) For the reasons discussed below, it is recommended that defendants LaPlatt, Turner, Hammond, Blackburn, Broadus, Thomas and Watson be dismissed from this action because plaintiff failed to effect timely service of process.

On August 10, 2007, the estate, through counsel, filed a complaint against defendants MDOC, Caruso, Birkett, Cacciani and six John Does (D/E #1). On January 10, 2008, this Court recommended that the claims against the Michigan Department of Corrections, as well as the claims against Cacciani and other government officials in their official capacity, be dismissed (D/E #30). Counsel for plaintiff filed objections (D/E #31), and the Honorable Paul V. Gadola issued an order adopting the Report and Recommendation (D/E #38). On March 24, 2008, counsel filed an amended complaint that added numerous defendants. (D/E #40).

The Federal Rules of Civil Procedure Rule 4(c)(1) provides that a plaintiff is responsible for serving the summons and complaint within the applicable time period. Without such personal service, a district court is without jurisdiction to render judgment against a defendant. Friedman v. Estate of Presser, 929 F.2d 1151, 1156 (6th Cir.1991). The time limit for service of process is 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m). "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." Byrd v. Stone, 94 F.3d 217, 219 (6th Cir.1996), citing Habib v. Gen. Motors Corp., 15 F.3d 72, 73 (6th Cir.1994). This is not a case filed pursuant to 28 U.S.C. § 1915 where the

Marshal would be responsible for service. Here, counsel filed this action and is responsible for service.

Defendants LaPlatt, Turner, Hammond, Blackburn, Broadus, Thomas and Watson have not been served.[1] The amended complaint was filed on March 24, 2008, but the defendants were not served within 120 days of that filing and the deadline for timely service, July 22, 2008, has long since passed. No good cause is shown which would excuse lack of timely service. While presumably aware of the service requirements of the Federal Rules of Civil Procedure, counsel did not request an extension of time for service prior to the expiration of the deadline. Moreover, while plaintiff asserts that service of some of the defendants has been hindered by evasion tactics and because the served defendants have failed to provide plaintiff with the full names of the unserved defendants or their places of current employment within the MDOC, plaintiff fails to provide any support for the assertion that the unserved defendants were or are employed by MDOC.

Similarly, plaintiff's argument that the unserved defendants have actual notice of this lawsuit also fails to establish good cause for excusing the clear failure to timely serve them. Plaintiff claims that the unserved defendants were mailed copies of the amended complaint in November 2007, but plaintiff fails to provide any evidence, such as certified mail return receipts, suggesting that the unserved defendants received the copies. Such evidence would be particularly useful in this case as plaintiff acknowledges that he does not have addresses for

---

[1] While defendant Starwas was not served within 120 days either, she was served after this Court's Order to Show Cause was entered and, consequently, good cause exists for not dismissing Starwas for lack of timely service.

several of the unserved defendants. Furthermore, as noted in the served defendants' response, plaintiff appears to have mailed the copies of the amended complaint to the unserved defendants long before the filing of the amended complaint was authorized by the Court or any summons were issued.

Given the lack of good cause justifying the failure to timely serve defendants LaPlatt, Turner, Hammond, Blackburn, Broadus, Thomas and Watson, it is recommended that plaintiff's claims against those defendants should, therefore, be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(5).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                    s/Virginia M. Morgan
                    Virginia M. Morgan
                    United States Magistrate Judge

Dated: November 4, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on November 4, 2008.

                    s/Jane Johnson
                    Case Manager to
                    Magistrate Judge Virginia M. Morgan